# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK R. MORROW        )
                      ) No. 15-1335
                      )
    v.

CAROLYN W. COLVIN

**MEMORANDUM ORDER**

Plaintiff filed an application for supplemental social security disability benefits, alleging disability beginning December 1, 2001. Plaintiff's application was denied initially, and upon hearing before an Administrative Law Judge ("ALJ"). Following the ALJ's decision, Plaintiff submitted a new statement from his treating physician. Nonetheless, the Appeals Council denied his request for review. Plaintiff now appeals to this Court.

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's

1

findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

Plaintiff contends that the Appeals Council failed to address the June 10, 2014 treating source medical statement that was submitted after the ALJ's April 22, 2014 decision, but prior to the Appeals Council September 11, 2015 decision. Once the Appeals Council denies review, the ALJ's determination becomes final; at that point, "new evidence presented by a claimant to the Appeals Council, but not reviewed, is not within the purview of a district court when judging whether substantial evidence supports the ALJ's determination." Fennell v. Astrue, 2010 U.S. Dist. LEXIS 136029, at *42 (W.D. Pa. 2010). While a district court cannot review new evidence, it may remand for consideration in the first instance. Id.

In order to remand on that basis, the evidence must be "new," in the sense that it is not cumulative of pre-existing evidence on the record. Szubak v. Secretary of Health and Human Services, 745 F.2d 831, 833 (3d Cir. 1984). The new evidence must also be "material," and "good cause" must be shown for not submitting the evidence at an earlier time. Id. Our Court of Appeals has emphasized the importance of this last requirement, because it is sound policy "to require claimants to present all material evidence to the ALJ and prohibit judicial review of new evidence unless there is good reason for not having brought it before the ALJ." Matthews v. Apfel, 239 F.3d 589, 595 (3d Cir. 2001).

In this case, assuming the evidence is both new and material, Plaintiff has not offered any explanation for why the evidence was not submitted to the ALJ. Accordingly, there is no basis for finding the required "good cause," and his Motion must be denied, and Defendant's granted.

AND NOW, this 12th day of January, 2017, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

\